```
UNITED STATES DISTRICT COURT
  DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Edward A. Spellman, III, | ) C/A No. 9:12-2376-TMC-BM |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| City of Columbia Police Dept., | ) |
| Defendant. | ) |

Edward A. Spellman, III ("Plaintiff"), proceeding *pro se*, brings this civil action seeking damages and alleging that the defendant violated his constitutional rights. Plaintiff is an inmate at Ridgeland Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). Notwithstanding this requirement, however, 28 U.S.C. § 1915, the *in forma pauperis* statute, authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Such is the case here. The requirement of liberal

construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that on October 1, 2010, an officer drove him in a transport van from Allendale to Columbia, leaving at approximately 4:30 p.m. Plaintiff alleges that the officer did not place a seat belt on him and then drove recklessly with total disregard for Plaintiff's well-being. Plaintiff alleges that the officer drove so fast that the usual two-hour drive took only 90 minutes, and the officer allegedly drove in excess of 75 to 80 mph. Plaintiff alleges that during the trip the officer applied the brake forcefully resulting in slamming Plaintiff into "the sides of the cage." Plaintiff alleges that the officer deliberately acted with a total lack of concern for Plaintiff's health and safety, and Plaintiff alleges he sustained injuries to his right collar bone, upper back, right shoulder, and right knee. He alleges that upon his arrival in Columbia he spoke with the sergeant about what had happened, and the sergeant "had [two] officers transport [Plaintiff] to (Palmetto Health Richland Emergency)" for treatment. He brings suit against the City of Columbia Police Department seeking $250,000 for pain and suffering.

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."

2

*Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint fails to state a claim on which relief may be granted because Plaintiff has failed to name a defendant who is a person subject to suit pursuant to § 1983. It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." The City of Columbia Police Department is a group of officers in a building and, as such, is not subject to suit under § 1983. Buildings and correctional institutions, as well as sheriff's departments and police departments, usually are not considered legal entities subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983 and that Food Service Supervisors was a group of people not subject to suit); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla.1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely vehicle through which city government fulfills policing functions). Accordingly, Plaintiff failed to state a claim on which relief may be granted against the City of Columbia Police Department.

If Plaintiff is intending to sue the City of Columbia pursuant to § 1983, the city is considered a person subject to suit pursuant to § 1983. *See Monell v. New York City Dept. of Soc.*



3

*Servs.*, 436 U.S. 658, 689–90 (1978) (finding that municipalities and other local government bodies are "persons" subject to suit pursuant to § 1983). However, local government bodies may be liable only where official policy caused a plaintiff's injury. *See Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). "They are not vicariously liable under § 1983 for their employees' actions." *Id.* Thus, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Id.* Here, from the Complaint there is an inference that the officer who drove the transport van was an employee of the City of Columbia Police Department, but the city cannot be vicariously liable under § 1983 for that officer's actions. Because Plaintiff has not alleged a policy or custom that caused his injuries, he failed to state a claim on which relief may be granted against the city.

## Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

_____
Bristow Marchant
United States Magistrate Judge

September 28, 2012
Charleston, South Carolina

4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

