IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Edward A. Spellman, III. ) | |
| ) | C/A No. 9:12-2376-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| City of Columbia Police Dept., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. This matter is before the court on the Magistrate Judge's Report and Recommendation ("Report") filed in this action on September 28, 2012 recommending that the Complaint be dismissed without prejudice. (Dkt. # 12). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. # 12 at 5). Plaintiff filed objections to the Magistrate Judge's Report on October 16, 2012. (Dkt. # 15).[1]

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] The time for filing objections to the Report was October 15, 2012. Plaintiff filed his objections one day late as the envelope containing the petition was stamped as having been received on October 16, 2012, by the Ridgeland Correctional Institution mailroom. (Dkt. # 15-2.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge recommended that the Complaint be dismissed without prejudice as Plaintiff failed to name a defendant who is a person subject to a § 1983 action. As noted above, Plaintiff untimely filed objections to the Report. However, even considering Plaintiff's objections as having been timely filed, the Plaintiff's objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition. The objections are non-specific, unrelated to the dispositive portions of the Report or merely restate Plaintiff's claims.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Complaint is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

November 6, 2012
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.